# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:

**WALLACE HILL BILLINGTON**

    *Debtors*

*Case Number: 07-04173*
*Chapter 7*
*Hon. George C. Paine, II*

## MEMORANDUM

This matter is before the court on Susan R. Limor, Chapter 7 Trustee's (hereinafter "Trustee") objection to the Wallace Hill Billington's (hereinafter "Debtor") claimed exemptions in two insurance policies. The trustee contends that because the policies list the debtor's non-dependent mother as the primary beneficiary, the exemptions taken by the debtor in the insurance policies are inappropriate pursuant to T.C.A. § 56-7-203. The debtor argues that because his son is listed as a contingent beneficiary, his exemptions are allowable under Tennessee law. The court OVERRULES the trustee's objections to the debtor's exemptions and finds that the exemption in the insurance policies, as claimed in the Statement and Schedules, is allowed.

The parties stipulated the following:

1. Two insurance policies are involved: one purchased in 1955, and the other purchased in 1982.

2. The policies name the debtor's non-dependent mother, who is still living, as the primary beneficiary. The debtor's son is named as a contingent beneficiary.

3. There is a cash surrender value of at least $10,000 in the policies, but perhaps more depending upon dividends and interest.

4. Tennessee law applies to this dispute.

Tennessee Code Annotated 56-7-203 provides as follows:

> The net amount payable under any policy of life insurance or under any annuity contract upon the life of any person made for the benefit of, or assigned to, the spouse and/or children, or dependent relatives of such persons, shall be exempt from all claims of the creditors of such person arising out of or based upon any obligation created after January 1, 1932, whether or not the right to change the named beneficiary is reserved by or permitted to such person.

Tenn.Code Ann. § 56-7-203 (2007). The trustee argues that because the primary, named beneficiary is the debtor's mother, a nondependent, the statute does not permit the debtor's exemption. The debtor claims that the statute is broad enough to include the exemption because the debtor's son is named as a contingent beneficiary.

The Bankruptcy Court for the Eastern District of Tennessee aptly explained the broad nature of this statute in ***In re Clemmer***, 184 b.R. 935 (Bankr. E.D. Tenn. 1995):

> This section allows for the exemption of funds in annuity contracts and the cash surrender values of policies rather than only the death proceeds payable under the contracts and policies. ***See Newport v. Thurman (In re Thurman)***, 127 B.R. 401, 403-06 (M.D.Tenn.1991) (discussing the historical basis of the present-day interpretation of section 56-7-203 and concluding that "the language of § 203 demonstrates that it was designed to apply in cases only where the policy holder is still alive"); ***Lunsford v. Nashville Sav. & Loan Corp***., 162 Tenn. 179, 35 S.W.2d 395 (1931).
>
> . . .
>
> The debtor contends that the two annuity contracts, which name his son as the death beneficiary, and the one insurance policy, No. 904455015UL, which names his son and mother as "joint" beneficiaries, are properly exempted under section 56-7-203 . In interpreting section 56-7-203, the use of the phrase "and/or" evidences "a clear option of selection of

2-U.S. Bankruptcy Court, M.D. Tenn.

Case 3:07-bk-04173    Doc 30    Filed 09/27/07    Entered 09/27/07 12:09:31    Desc Main
Document      Page 2 of 4

> members of a class of beneficiaries"; therefore, insurance or annuity proceeds "payable to or bequeathed to any one or more of the beneficiaries named in the statute [are] exempt from the claims of creditors." ***In re Estate of Bruce***, 58 Tenn.App. 435, 430 S.W.2d 884, 887-88 (interpreting Tenn.Code Ann. § 56-1110, which was recodified in materially identical form as section 56-7-203 ), cert. denied (Tenn.1968).
>
> . . .
>
> The statutory language of section 56-7-203 supports a finding that the Tennessee Legislature, while recognizing that beneficiaries could change over time, intended that the statute be applied to those beneficiaries named without regard to how the proceeds of the policy might ultimately be distributed. ***See Overman***, 570 S.W.2d at 859. The legislature expressly included the phrase "whether or not the right to change the named beneficiary is reserved by or permitted to [the debtor]" in section 56-7-203 . Although the application of this language might contradict any intent to only protect a spouse, child, or dependent relative, it does not contradict the legislature's intent expressed by the statute, that is, to protect any life insurance policy or annuity contract from creditors to the extent the beneficiary presently named is a spouse, child, or dependent relative.

***Clemmer***, 184 B.R. at 937-38 (internal footnotes omitted)

In this case, the court finds that the debtor's exemption in the policies is allowed under the statute. The statute is silent as to the whether the spouse, child or dependent must be named as the primary rather than contingent beneficiary. However, given the statute's broad aim of protecting the debtor's close family and dependents, the Legislature's obvious intent of breadth of protection by not allowing a potential change in beneficiary to defeat the exemption, and the debtor's policies naming his son as a beneficiary (albeit contingent), the court finds the exemption is proper.

Accordingly, the court hereby OVERRULES the trustee's objection to the debtor's claimed exemption in the insurance policies. The court instructs counsel for the debtor to prepare and ORDER not inconsistent with this Memorandum within five (5) days of entry of the Memorandum.

It is, THEREFORE, so ordered.

This \_\_\_\_ day of September, 2007.

***THIS MEMORANDUM WAS SIGNED AND
ENTERED ELECTRONICALLY AS INDICATED
AT THE TOP OF THE FIRST PAGE.***